59 CCPA

**F. B. VANDEGRIFT & CO., Inc.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5375.**

United States Court of Customs
and Patent Appeals.

Nov. 24, 1971.

———————◆———————

Allerton deC. Tompkins, New York City, attorney of record, for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Bernard J. Babb, New York City, for the United States.

Before WORLEY, Chief Judge, RICH, ALMOND, BALDWIN, and LANE, Judges.

WORLEY, Chief Judge.

The importer appeals from the judgment of the Customs Court, Second Division,[1] sustaining the collector's classification of imported belting for machinery under item 355.80, TSUS,[2] which reads:

> Woven or knit fabrics (except pile or tufted fabrics), of textile materials, coated or filled with rubber or plastics material, or laminated with sheet rubber or plastics, except foam or sponge sheet:
> \*    \*    \*    \*    \*    \*    \*
> 355.80   Of man-made fibers ........ 25¢ per-lb.
>                       +30% ad val.

---

17. 190 Ct.Cl. at 681–682, 420 F.2d at 724.

1. 63 Cust.Ct. 12, C.D. 3866 (1969).

2. The pertinent items of the Tariff Schedules are set forth as they read at the time of the presently involved importations.

One of the classifications appellant unsuccessfully sought before the Customs Court, and the only one contended for here, is under item 773.35, TSUS, which reads:

773.35  Belting and belts, for machinery, of rubber or plastics and not containing vegetable fibers . . . . . 12.5% ad val.

The record consists of the testimony of one witness for appellant, with six exhibits introduced on its behalf; the testimony of one witness for appellee, with two exhibits; and certain stipulations.

Appellant's exhibits are samples representing various forms of the imported mechandise and, taken with the remainder of the record, establish that all the imported materials are made up of at least two layers of woven fabrics of nylon with a layer of nylon ribbon or sheet in between. Those components were laminated or cemented together under heat and pressure to make a single unit wherein the layers could not be readily separated. Some forms of the materials include an outer coating of rubber sheet on one or both sides. It is stipulated that all the imports are in chief value of textile materials of woven nylon fabric. The importer sold the imports as power transmission belting or conveyor belting, generally in the form of rolls of selected widths, or of pieces of specified length and width having the ends joined to form endless belts.

One of appellee's exhibits is an analysis of a sample of the imported belting. The witness had removed an outer rubber coating on one side of that exhibit and then peeled away a second layer composed of woven nylon fabric to expose a third layer which consisted of a nylon sheet. He had next peeled away part of the nylon sheet, revealing another layer of woven nylon fabric which was coated on the outer side with a rubber composition.

Appellant's witness also testified regarding efforts to separate a sample of the imported material. That sample reveals the presence of a woven fabric layer over a plastic band.

The Customs Court observed that the woven fabric in all of the belting except that represented by one of appellant's exhibits had been "coated * * * with rubber or plastics material" within the description of TSUS item 355.80. It further noted that the inclusion in the belting of nylon ribbon laminated between two layers of nylon fabric brought it within the term "laminated with sheet rubber or plastics" in that item. The court further held, contrary to appellant's argument, that Exhibit B, the sample analyzed by appellee's witness, demonstrates that the woven layers in the belting had not been so processed as to have lost their character as fabrics. Taking those considerations along with the stipulation that the belting was in chief value of woven nylon fabric, the court upheld the collector's classification.

Appellant's argument here[3] relates to the effect of the laminating process on the woven fabrics of nylon that are used in making the belting. That argument, in appellant's words, is twofold:

(1) that in the process of joining the various layers by heat and solvents[4], the woven (originally wov-

---

3. Before the Customs Court, appellant additionally contended that the imported belting falls within the description of belting "of rubber or plastics" in item 773.35 because the woven fabrics of which it is in chief value were made from fibers of plastic composition so that those fabrics, like the nylon separating sheet, are of "plastics." The Customs Court rejected that contention, ruling that fabrics woven from nylon yarn are textile materials and are not included in the term "plastics" in item 773.35. The Court cited as authority the case of R. H. Macy & Co., Inc. v. United States, 62 Cust.Ct. 219, C.D. 3733 (1969), since affirmed by this court at 428 F.2d 856, 57 CCPA 115, C.A.D. 988 (1970). Appellant no longer argues that point.

4. In the interest of accuracy, it is noted that appellant does not point out any evidence to support its assumption that "solvents" were used in joining or laminating the layers of the belting.

en) fabric layer was fused into a commercially inseparable sheet of belting where the yarns (original yarns) are no longer woven fabric yarns, * * * [and]

(2) that the application of said heat and solvents has destroyed the yarns as such and has reconverted the woven (originally woven) fabric layer (the layer of chief value) back into a solid sheet of plastics. * * *

We are unable to agree with that argument. It is apparent from inspection that the woven fabric in Exhibit B is not fused into a solid sheet, and we find no evidence in the record that the yarns of which the fabric was woven have lost their character as yarns. Since the record clearly supports the finding that the woven nylon fabric of which the imported belting is in chief value has not lost its original character as a woven fabric of textile material, it is apparent that appellant has not shown error in the Customs Court's determination that the belting was correctly classified under item 355.80, TSUS.

The judgment is *affirmed*.

Affirmed

Lane, J., dissented and filed opinion in which Worley, C. J., joined.